UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X   Case No.:

CAROLANN LOPEZ,

                              Plaintiff,                  **COMPLAINT**

             -against-

                                                   **PLAINTIFF DEMANDS**

CAREMOUNT MEDICAL P.C.,                **A TRIAL BY JURY**
DANA MARANO, *Individually*
LINDA ANATO, *individually*, and
NICOLE ARCHIBOLD, *individually*

                              Defendants.

---------------------------------------------------------------------X

        Plaintiff, CAROLANN LOPEZ, by and through her attorneys, LAW OFFICE OF YURIY MOSHES, P.C., hereby brings this action against Defendants, upon information and belief, as follows: individually

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA") and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Denied a Reasonable Accommodation**, **Discriminated against** by her employer solely due to her **Disability (Concussion)** and **in Retaliation** for requesting a reasonable accommodation.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. That at all times relevant hereto, Plaintiff CAROLANN LOPEZ ("LOPEZ") was a resident of the State of New York and County of Orange.

6. That at all times relevant hereto, Defendant CAREMOUNT MEDICAL ("CAREMOUNT") was a domestic professional corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 90 S. Bedford Road, Mount Kisco, NY 10549.

7. That at all times relevant hereto, Plaintiff LOPEZ was an employee of Defendant CAREMOUNT.

8. That all times relevant hereto, Defendant CAREMOUNT employs more than fifteen (15) employees.

9. That at all times relevant hereto, upon information and belief, Defendant LINDA ANATO ("ANATAO") was an employee of Defendant CAREMOUNT holding the position of "Director."

10. That at all times relevant hereto, Defendant ANATO was Plaintiff LOPEZ'S supervisor and/or had supervisory authority over Plaintiff LOPEZ.

11. That at all times relevant hereto, upon information and belief, Defendant NICOLE ARCHIBOLD ("ARCHIBOLD") was an employee of Defendant CAREMOUNT holding the position of "Supervisor".

12. That at all times relevant hereto, Defendant ARCHIBOLD was Plaintiff LOPEZ'S

2

supervisor and/or had supervisory authority over Plaintiff LOPEZ.

13. That at all times relevant hereto, upon information and belief, Defendant DANA MARANO ("MARANO") was an employee of Defendant CAREMOUNT holding the position of "Human Resources Representative."

## MATERIAL FACTS

14. In or around June 24, 2019 Plaintiff LOPEZ began working for Defendants in their Centralized Scheduling Department earning $17.50/hr.

15. In this department, Plaintiff LOPEZ 1) handled the scheduling of multiple physicians; 2) received requests to schedule procedures from physician offices and patients; and 3) scheduled the procedure according to the availability of various medical departments.

16. During Plaintiff LOPEZ's first month with Defendants, she had been a satisfactory employee and received no negative feedback

17. On or around July 26, 2019, Plaintiff LOPEZ was injured at home, fracturing a rib and suffering a severe concussion.

18. On July 29, 2019, Plaintiff LOPEZ called Defendant AMATO to let Defendants know about her injury and that she would need to take time to recuperate.

19. Plaintiff LOPEZ was permitted to take leave.

20. However, this was the beginning of Defendants giving Plaintiff LOPEZ very confusing information regarding her leave.

21. Plaintiff LOPEZ had always planned on keeping Defendants informed of her progress.

22. However, first Plaintiff LOPEZ was told by Defendant AMATO that Plaintiff LOPEZ was to call her daily and give her updates on her health and anticipated return date.

23. Though Plaintiff LOPEZ felt that this was excessive, Plaintiff LOPEZ agreed and began to

call Defendants every day.

24. On some days, she would speak to Defendants and some days she would leave a voicemail message for Defendants.

25. On days that Plaintiff was able to speak to Defendants, the conversation was always very short and Defendants.

26. After around a week of Plaintiff LOPEZ calling Defendants everyday to give updates, she was called by Defendant MARANO.

27. Defendant MARANO told Plaintiff LOPEZ that instead of calling Defendant AMATO every day, Plaintiff LOPEZ should call Defendant MARANO once a week.

28. Plaintiff LOPEZ was not given a reason for the change in the amount of times she should check in and with who to check in with.

29. Plaintiff LOPEZ was still suffering severe headaches, constant dizziness, and difficulties focusing due to her concussion.

30. Therefore, Plaintiff LOPEZ agreed to Defendant MARANO's wishes and began to call Defendant MARANO once a week.

31. Like her phone calls to Defendant AMATO, some of Plaintiff LOPEZ's phone calls to Defendant MARANO went to voicemail and Plaintiff LOPEZ left a message.

32. Plaintiff LOPEZ felt that she was being purposefully confused by Defendants, who knew the exact symptoms that Plaintiff LOPEZ was suffering from.

33. Therefore, Plaintiff LOPEZ also had both her doctor and husband contact Defendants through email and fax after checkups in order to make sure that Defendants were completely clear on her healing and leave.

34. On or around August 20, 2019 Plaintiff LOPEZ received a letter in the mail from Defendant

MARANO informing Plaintiff LOPEZ that she was being let go.

35. Plaintiff LOPEZ found this very surprising because Plaintiff LOPEZ knew that she had been in constant contact with Defendants through phone, email, and fax.

36. Plaintiff LOPEZ had not received any warnings or any indications that her position was in jeopardy throughout the many communications with Defendants.

37. Furthermore, even after her termination letter was sent, Plaintiff LOPEZ still could not get in communication with Defendants as she called numerous times and sent several emails to try and get a clearer reason for her termination.

38. But for the fact that Plaintiff LOPEZ has a disability, Defendants would not have terminated her employment.

39. Defendants' actions and conduct were and are intentional and intended to harm Plaintiff LOPEZ.

40. Plaintiff LOPEZ has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

41. As a result of Defendants' actions, Plaintiff LOPEZ feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of the acts and conduct complained of herein, Plaintiff LOPEZ has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff LOPEZ has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff LOPEZ demands Punitive Damages as against

all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendant)

44. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

45. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

46. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

47. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff LOPEZ because of her disability.

48. As such, Plaintiff LOPEZ has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE HUMANS RIGHT LAW

49. Plaintiff LOPEZ repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. The New York State Human Rights Law §296-1 provides that "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an

individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, *disability*, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

51. Defendants engaged in an unlawful discriminatory practice in violation of New York State Human Rights Law §296-1 by discriminating against Plaintiff LOPEZ because of her disability.

52. Defendants violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

53. Plaintiff LOPEZ repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York State Human Rights Law §296-6 provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

55. Individual Defendants engaged in an unlawful discriminatory practice in violation of New York State Human Rights Law §296-6 by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

56. Defendants violated the section cited herein as set forth.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York State Human Rights Law §296-7 provides that it shall be unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

59. Defendants violated the section cited herein as set forth.

### JURY DEMAND

60. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by ADA and the NYSHRL by, discriminating against Plaintiff on the basis of her disability, and retaliating against her for complaining of discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      May 28, 2020

**LAW OFFICE OF YURIY MOSHES, P.C.**

By:    /s/
Jessenia Maldonado, Esq.
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
(718) 504-6090
jmaldonado@mosheslaw.com

EEOC Form 161 (11/16)         U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Carolann Lopez
205 A North Greeley Avenue
Apt A
Chappaqua, NY 10514

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-04900 | Holly M. Shabazz, State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    **Charging Party wishes to pursue matter in Federal District Court**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Judy A. Keenan (signature)*         **FEB 27 2020**

Judy A. Keenan,
Deputy Director                  *(Date Mailed)*

Enclosures(s)

cc: CAREMOUNT MEDICAL P.C.
Attn: Director of Human Resources
90 South Bedford Road
Mount Kisco, NY 10549

LAW OFFICE OF YURIY MOSHES P.C.
Attn: Jessenia Maldonado – Esq
517 Brighton Beach Avenue
Brooklyn, NY 11235